Babarinsa v. Kaleida Health, Buffalo General Hospital

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
         CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

SHARON BABARINSA,
         Plaintiff-Appellant,

         -v.-                                    14-4555


KALEIDA HEALTH, BUFFALO GENERAL
HOSPITAL
         Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          HARVEY P. SANDERS, SANDERS & SANDERS, Cheektowaga, New York.

FOR APPELLEE:           AMY L. HEMENWAY, HARTER SECREST & EMERY LLP, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Sharon Babarinsa appeals from the judgment of the United States District Court for the Western District of New York (Skretny, J.), granting summary judgment in favor of defendant-appellee. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005).

1. Babarinsa chiefly contests the grant of summary judgment dismissing her Title VII retaliation claims. Once a defendant articulates a legitimate non-retaliatory reason for an adverse employment action, the "presumption of retaliation" aiding a plaintiff "dissipates," and "the plaintiff must prove 'that the desire to retaliate was the but-for cause of the challenged employment action.'" Ya-Chen Chen v. City Univ. of N.Y., No. 14-1469, 2015 WL 6499909, at *8 (2d Cir. Oct. 28, 2015) (quoting Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S.Ct. 2517, 2528 (2013)). Babarinsa has failed to present sufficient evidence for a reasonable jury to find that Kaleida Health's reasons here are pretextual. First, as to the drop in Babarinsa's charge assignments in May 2009, Kaleida Health presented uncontested evidence that the charging schedule was generally equalized throughout the plaintiff's shift during this time period, and that several employees who did not complain received larger decreases in their assignments than Babarinsa. The undisputed record shows--and no reasonable jury could find otherwise--that the June 25, 2009 verbal warning to Babarinsa, and her temporary suspension from charge assignments, were precipitated by Babarinsa's verbal altercation with another employee (while Babarinsa was serving as a charge nurse) in violation of Kaleida Health's Standards of Personal Conduct Policy. The record further demonstrates that, insofar as Babarinsa had fewer charge assignments in the months following the end of her

suspension, they reflected either general variability in charging assignments or continued complaints against her. Indeed, Babarinsa received a February 16, 2010 written warning that stemmed from her failure to provide pain medication as ordered and her violation of patient confidentiality and privacy rights. Finally, there is no record evidence that the statement in Babarinsa's 2010 annual assessment (on February 11, 2011)--that Babarinsa "ha[d] improved in communication skills while in charge"-- was pretextual. J.A. 118.

Babarinsa's reliance on temporal proximity alone to show pretext is misplaced; "[w]e have long held that 'temporal proximity' between a protected complaint and an adverse employment action is 'insufficient to satisfy [plaintiff's] burden to bring forward some evidence of pretext.'" Chen, 2015 WL 6499909, at *9 (quoting El-Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010)) (alteration in original). Further, her reliance on data about charge hours is undermined by Kaleida Health's explanations for that data: not only that charge assignments, generally, reflected a variety of important administrative factors, but also that Babarinsa's charging assignments, specifically, reflected various aforementioned disciplinary proceedings that began in June 2009. Thus, this data, standing alone, is not evidence of pretext. The district court correctly granted summary judgment on Babarinsa's retaliation claims.

**2.** With respect to Babarinsa's Title VII discrimination claims: because her employer provided non-discriminatory reasons explaining both the distribution of charge assignments prior to June 2009 and the disciplinary action subsequently taken against Babarinsa, the presumption in Babarinsa's favor established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), "completely 'drops out of the picture.'" James v. N.Y. Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993)). Babarinsa has not raised a material issue of fact as to whether these non-discriminatory reasons--the inherent variability in charge assignments, Babarinsa's poor communication skills, and her violation of Kaleida Health's Standards of Personal Conduct Policy--were pretextual.

For the foregoing reasons, and finding no merit in Babarinsa's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK